IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DUNCAN LEWIS,<br><br>    Plaintiff,<br><br>  vs.<br><br>B. KIBLER, et al.,<br><br>    Defendants.<br>_____/ | 1:13-cv-00155-AWI-BAM (PC)<br><br>ORDER DENYING MOTION TO STAY AND MOTIONS TO APPOINT COUNSEL<br><br>(ECF Nos. 5, 6, 9) |

     Plaintiff Brian Duncan Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 31, 2013. On March 6, 2013, Plaintiff filed a motion to stay this action until December 2013, along with a request to appoint counsel. (ECF No. 5.) On March 11, 2013, Plaintiff filed a request for the assistance of a personal injury attorney, along with an apparent letter to an unidentified attorney. (ECF No. 6.)

**I.    Motion for Stay**

     Plaintiff requests a stay of this action until December 2013. In support of this request, Plaintiff explains that he was hospitalized from February 2 to February 20, 2013, and he is awaiting return to the general population. Plaintiff also explains that his expected release date is November 18, 2013. Accordingly, Plaintiff asks the Court to "hold" his civil complaint until December 2013.

1  "The district court has broad discretion to stay proceedings as an incident to its power to
2  control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North
3  American Co., 299 U.S. 248, 254 (1936)).  The party seeking the stay bears the burden of
4  establishing the need to stay the action. Clinton, 520 U.S. at 708.

5  Plaintiff is seeking a stay until he is released from custody in November 2013.  Plaintiff's
6  anticipated release from custody is not a sufficient basis to stay this action.  There is no
7  indication that Plaintiff cannot adequately pursue his claims prior to that time.

8  Moreover, Plaintiff's complaint is at the screening stage.  The Court is required to screen
9  complaints brought by prisoners seeking relief against a governmental entity or an officer or an
10  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint
11  or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to
12  state a claim upon which relief may be granted, or that seek monetary relief from a defendant
13  who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If Plaintiff's complaint proceeds
14  beyond the screening stage and he requires additional time following his release from custody to
15  comply with any relevant court deadlines, then Plaintiff may request appropriate extensions of
16  time from the Court or file a renewed motion for a stay.  However, if Plaintiff does not intend to
17  pursue this action following his release from custody, he is not precluded from voluntarily
18  dismissing the matter.

19  For the reasons stated, Plaintiff's motion for a stay shall be denied without prejudice.

20  **II.     Motions to Appoint Counsel**

21  As noted above, Plaintiff has filed multiple requests for the appointment of counsel.
22  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.
23  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to
24  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court
25  for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in
26  certain exceptional circumstances the court may request the voluntary assistance of counsel
27  pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

28  Without a reasonable method of securing and compensating counsel, the court will seek

volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the reasons stated, Plaintiff's motion for the appointment of counsel shall be denied without prejudice.

### III. Conclusion and Order

As discussed above, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for stay of this action is DENIED without prejudice; and

2. Plaintiff's motions for the appointment of counsel are DENIED without prejudice.

IT IS SO ORDERED.

Dated:    March 18, 2013              /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE